Eugene W. FOWINKLE, M.D., Commissioner, etc., et al., Appellants,

v.

SOUTHERN RAILWAY COMPANY, Appellee.

Supreme Court of Tennessee.

Feb. 2, 1976.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for appellants.

Charles W. Lusk, Hall, Haynes, Lusk & Foster, Chattanooga, William P. Stallsmith, Jr., Washington, D. C., for appellee.

## OPINION

HENRY, Justice.

This action arises under the Occupational Safety and Health Act of 1972 (OSHA) and presents the single question of its coverage of railroad employees.

### I.

The appellants, the Commissioners of Public Health and Labor, acting pursuant to a written complaint and under the provisions of OSHA, as interpreted by them, sent representatives to the Chattanooga Diesel Shop, operated by Southern Railway for the purpose of conducting inspections. They were refused entry by the manager, acting upon the advice of counsel to the effect that these operations were exempt under § 50–504(d) T.C.A. This suit seeking injunctive relief ensued. The Chancellor held that railroad employees are not covered by OSHA.

We agree.

### II.

By § 50–504 certain employers and employees were excepted. These exceptions are:

(a) the federal government  .  .  . ;

(b) employees whose safety and health are *subject to protection* under the Atomic Energy Act  .  .  . ;

(c) employees whose safety and health are *subject to protection* under the Federal Coal Mine Health and Safety Act.  .  . ;

(d) railroad employees whose safety and health are *subject to protection* under the Federal Safety Appliances Act (U.S.C., tit. 45, §§ 1–50) or the Federal Railroad Safety Act of 1970 (U.S.C., tit. 45, §§ 431–441);

(e) domestic workers;

(f) employees *covered* by the Longshoremen's and Harbor Workers' Compensation Act  .  .  . ;

(g) any employee engaged in agriculture who is employed on a farm each of the employees of which is related to the employer as spouse, child, parent, grandparent or grandchild. (Emphasis supplied)

█ It is evident that the legislature intended to exempt railroad employees whose safety and health are *subject to protection* under the specified acts. It recognized that the Congress of the United states had adopted specific legislation dealing with these employees and evidently considered it both unnecessary and unwise to superimpose upon the railroad industry additional investigations, inspections, administrative supervision and procedures.

The State argues that "since the employees of the appellee are *not* presently protected by any regulation under the Federal Railroad Safety Act of 1970 that the provisions of OSHA are fully applicable to the employees of the appellee."

We are not impressed with this argument. The Legislature plainly pitched the exemption on the basis of the safety and health of these employees being *subject to protection* vis a vis *protection*. The actual promulgation of a protective regulation is immaterial to the issue. The Legislature presumed that federal regulations would be forthcoming and, given the historic propensity of the federal government to regulate corporate structures and virtually all other vital areas of our economic, political and social affairs, we cannot say that the Legislature did not exercise good judgment. We judicially note that American railroads have been subject to continuing governmental supervision and regulation.

Sec. 101 of the Federal Railroad Safety Act of 1970 (45 U.S.C. §§ 421–441) declares that a purpose of the act is "to promote safety in all areas of railroad operations."

§ 202 requires that the Secretary of Transportation prescribe, as necessary, appropriate rules, regulations, orders and standards for all areas of railroad safety.

Sec. 205 provides:

> The Congress declares that laws, rules, regulations, orders and standards relating to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety until such time as the Secretary has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement. A State may adopt or continue in force an additional or more stringent law, rule, regulation, order, or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any Federal law, rule, regulation, order, or standard, and when not creating an undue burden on interstate commerce.

It is evident from the foregoing that the several states are not precluded from adopting or continuing in force any law or regulation, pending the promulgation of regulations under the federal act. Nor is a state precluded thereafter from adopting or continuing in force "an additional or more stringent law" when not incompatible, not unduly burdensome on interstate commerce, and when necessary to eliminate or reduce an essentially local safety hazard.

The Legislature very properly did not elect to proceed under these exceptions. It is obvious, as a practical proposition, that the federal act precludes virtually all state legislation and in view of this preemption, interim and short-lived legislation was not in the public interest.

We hold that railroads and railroad employees are not covered by the Tennessee Occupational Safety and Health Act of 1972.

The judgment of the Chancellor is

Affirmed.

FONES, C. J., HARBISON, J., and HYDER, Special Justice, concur.

BROCK, J., dissents.